UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAHAJ HOTEL, INC., an Ohio Corporation<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ASHISH DESAI, individually and as a shareholder of SAHAJ HOTEL, INC., an Ohio Corporation<br><br>　　　　　　　　　Defendant | Civil Action No.: 1:16-CV-486<br><br>(Judge _____)<br><br>**COMPLAINT FOR,<br>BREACH OF FIDUCIARY<br>DUTY, CONVERSION,**<br>**(DEMAND FOR JURY TRIAL)** |

**I.　　JURISDICTION AND VENUE**

　　1.　　This Court has jurisdiction of this action under the provisions 28 U.S.C. §§ 1331, 1332 and 1343 among others, inasmuch as complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. §1367

　　2.　　Venue is proper in this judicial district and this division pursuant to 28 U.S.C § 1391 and Local Rule 82.1 among others.

**II.　　PARTIES**

　　3.　　Plaintiff, Sahaj Hotel, Inc. ("Company") is a corporation duly incorporated under the laws of the State of Ohio and having its principal place of business and assets located at 52601 Holiday Drive, St. Clairsville, Belmont County, Ohio 43950, doing business as a Days Inn hotel franchise of Wyndham Hotels.

4. Defendant Ashish Desai is an individual, a resident of Middlesex County, New Jersey and a shareholder, director and Secretary of Plaintiff Company.

## III. FACTUAL BACKGROUND

5. The shareholder ownership in Plaintiff at the relevant times was as follows:

   a. Rajendra Patel, Twenty Five percent of the outstanding shares of the Company;

   b. Defendant Ashish Desai, Twenty Five percent of the outstanding shares of the Company

   c. Smita Patel, Twenty Five percent of the outstanding shares of the Company; and,

   d. Nishith Parikh ("Parikh") , Twenty Five percent of the outstanding shares of the Company.

6. Effective January 1, 2014, the shareholder ownership in the Company changed to the following:

   a. Defendant Ashish Desai, Twenty Five percent of the outstanding shares of the Company

   b. Smita Patel, Twenty Five percent of the outstanding shares of the Company; and,

   c. Nishith Parikh, Fifty percent of the outstanding shares of the Company.

7. At all relevant times, Defendant Ashish Desai and former shareholder Rajendra Patel were also majority members of an Indiana limited liability company known as RBank LLC d/b/a Ramada Inn ("RBank").

8. RBank owned and operated a motel business under the franchise of Ramada Inn in Indianapolis, Indiana.

9. Defendant Ashish Desai and Rajendra Patel were personal guarantors of RBank's debt and obligations to Unity Bank and Ramada Worldwide, the franchisor.

10. Upon information and belief, RBank fell into financial distress and was unable to pay its debts and obligations to its mortgage holder Unity Bank and the franchisor Ramada Worldwide.

11. In June 2011, Defendant Ashish Desai entered into a consent judgment with Unity Bank and used funds of the Company to make the first payment. See correspondence from Defendant Ashish Desai's counsel James Mackevich to Unity Bank of June 25, 2011 with copy of the Agreed judgment and copy of the Company's check, attached hereto as Exhibit A.

12. Ramada Worldwide also obtained a judgment against Defendant Ashish Desai in 2013, a copy of which judgment is attached hereto as Exhibit B.

13. During the period 2010 through 2013, Defendant Ashish Desai diverted over $435,000 from the Company, Inc.'s income, assets and property to pay his personal obligations related to RBank and/or Ramada Worldwide(the "Diverted Funds").

14. Defendant Ashish Desai's attorneys have also confirmed the removal of the Diverted Funds was incorrect, inappropriate and did not benefit the Company. See attached letter of Defendant Ashish Desai's attorney James Mackevich dated October 15, 2012, a copy of which is attached hereto as Exhibit C (the "Mackevich Letter").

15. Defendant Ashish Desai provided the Company's CFO Parikh with a copy of the Mackevich Letter and other correspondence between him and Mackevich.

16. Defendant has waived the attorney–client privilege as to all communications with his attorney - Mackevich relating to the RBank matters and the Company

17. By his notarized signature to the Company's resolution executed on July 9, 2014, Defendant Ashish Desai further acknowledged that the Diverted Funds only benefited himself

3

(and his co-obligor - Rajendra Patel). See copy of July 9, 2014 Resolution attached hereto as Exhibit D.

18. Defendant Ashish Desai removed the Diverted Funds from the Company without the prior knowledge or consent of Parikh or Smita Patel.

19. Upon information and belief, the Diverted Funds were removed from the Company, Inc., over the period of 2010 through 2013.

20. Subsequent to the removal of the Diverted Funds, Defendant Ashish Desai requested the other shareholders to consent and approve the use of the Diverted Funds.

21. At no time did all of the Company's shareholders approve of the removal of the Diverted Funds.

22. As a result of Defendant Ashish Desai's unauthorized removal of the Diverted Funds, Plaintiff Company did not have the funds to make the necessary repairs, maintenance and improvements to its property.

23. As a result of the loss of the Diverted Funds and the inability of the Company to make necessary and/or required improvements, the business languished in the lowest tier category and the Company was forced to price its room rates at $10 to $25 lower than the mid-lower tier category of the Wyndham Hotels- Days Inn franchise.

24. As a result of Defendant Ashish Desai's actions, and loss of revenue due to the removal of the Diverted Funds, the Company's business lost revenue in excess of $462,000.

25. Sometime in February 2014, shareholder Nishith Parikh took over as the managing partner of the Company and retained the services of a management company

26. Defendant Ashish Desai's above described actions and failure to take appropriate actions, have cost business losses in an amount in excess of $462,000.

27. Defendant Ashish Desai scheme abused the trust that had been placed in him by the other shareholders by misappropriating assets from the Company and engaging in a calculated and concerted pattern of conduct to conceal his breaches of duty and larcenous acts from Parikh and Smita Patel.

28. Specifically, among other things, Defendant Ashish Desai concealed, and induced or conspired with other persons to carry out the following:

   a. Unauthorized withdrawal of approximately $435,000 out of the Company's account and use of such funds to pay his liabilities related to RBank and/or other unrelated personal business ventures;

   b. Fraudulent manipulation of the financial records of the Company, including filing false tax returns for the Company and misrepresenting the use of the Diverted Funds;

   c. Unauthorized use of the Company's funds to pay personal expenses or otherwise derive benefits that were not made equally available to the other shareholders;

   d. Other unauthorized loans from the Company in an amount to be determined.

29. The full extent of Defendant Ashish Desai's unlawful conduct and the resulting damage caused to the Company's business cannot be determined without an audit of the financial books and records of the Company.

30. In his conspiratorial activities with other persons, Defendant Ashish Desai converted over $435,000 from the Company, Inc., without the knowledge or consent of Parikh or Smita Patel – the other shareholders of the Company, purportedly "lending" the money to or for the benefit of RBank LLC. The funds have never been returned.

31. As a result of his conspiratorial activities with other persons, Defendant Ashish Desai's actions caused damages to the Company that resulted in losses in excess of $462,000.

## FIRST CLAIM FOR RELIEF
## FRAUD AND MISMANAGEMENT

32. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 31, inclusive, as if fully written herein.

33. While he was a shareholder and director of the Company, Defendant Desai converted over $435,000 from the Company without the knowledge or consent of Parikh or Smita Patel, the other shareholders of the Company. These funds have never been returned.

34. While he was a shareholder and director of the Company, Defendant Desai converted and/or wasted additional assets of the Company that resulted in losses in excess of $462,000.

## SECOND CLAIM FOR RELIEF
## FRAUDULENT TRANSFERS

35. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 34, inclusive, as if fully written herein.

36. Defendant Ashish Desai personally benefited from the above-described unauthorized and undisclosed transfers of the Diverted Funds from the Company by causing the transfers of such properties without consideration, to or for the benefit of RBank LLC, a limited liability company owned and/or controlled by Defendant Ashish Desai.

37. These transfers were made without the knowledge or consent of the Company, and were made with the intent to hinder, delay or defraud the creditors of the Company.

38. By reason of the foregoing, the transfer of these properties is voidable pursuant to Ohio's Fraudulent Transfer Act, Chapter 1336 of the Ohio Revised Code.

## THIRD CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

39. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 38, inclusive, as if fully written herein.

40. Defendant Desai, because of his position of control and authority as an officer, director and shareholder of the Company, owed to the Company, fiduciary duties of due care, loyalty and good faith.

41. By his mismanagement and manipulation of the financial affairs of the Company, and engaging in a pattern of self-dealing and exploitation of the corporate assets of the Company for his personal benefit as described herein, Defendant breached his fiduciary duties owed to the Company

42. As a direct and proximate result of Defendant's breach of his fiduciary duties detailed above, Plaintiff has been damaged in an amount to be determined at trial but believed to be in excess of $462,000.

## FIFTH CAUSE OF ACTION
## GROSS MISMANAGEMENT

43. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 42, inclusive, as if fully written herein.

44. By his actions, Defendant Desai failed to meet the minimum standards required for directors and/or officers of corporations.

45. Upon information and belief, Defendant engaged in accounting fraud and manipulated the financial affairs and assets of the Company, and has failed to properly manage the operations of the corporation.

46. Defendant knew or should have known that the unreasonable risks generated by his financial manipulation and mismanagement of operations would likely cause the Company to suffer substantial losses.

47. The Company has been injured by Defendant's gross mismanagement of the Company in an amount to be determined at trial but believed to be in excess of $500,000.

## SIXTH CLAIM FOR RELIEF
## CONVERSION

48. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 47, inclusive, as if fully written herein.

49. Defendant Ashish Desai exercised unauthorized dominion and control over property, funds and assets of the Company, and converted such property, funds and assets to their personal use and benefit.

50. As a direct result of such conversion of corporate and partnership assets as set forth herein, the Company has been damaged in an amount to be determined at trial but believed to be in excess of $435,000.

## SEVENTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT

51. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 50, inclusive, as if fully written herein.

52. Because of his wrongful conduct alleged herein, Defendant Ashish Desai has been unjustly enriched at the expense of the Company.

53. As a result of such unjust enrichment, The Company have been damaged in an amount to be determined at trial but believed to be in excess of $435,000.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENCE

54. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 53, inclusive, as if fully written herein.

55. In engaging in and/or aiding and abetting the acts described herein, Defendant Ashish Desai acted negligently. As a direct and proximate result of Defendant Ashish Desai's actions as set forth herein, Plaintiffs have been damaged in an amount to be determined at trial but believed to be in excess of $462,000.

## NINTH CLAIM FOR RELIEF
## ACCOUNTING

56. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 55, inclusive, as if fully written herein.

57. As an officer, shareholder and Director of the Company, Defendant owed strict fiduciary duties to the corporation and its shareholders, and was required to act honestly with full disclosure and in good faith with a view to the best interests of the Company and shareholders.

58. Defendant breached his fiduciary and other duties to the Company and shareholders, and failed to faithfully execute service in various ways, and profited from his breach of duty through the unlawful conversion of corporate assets, which he concealed from the Company and the other shareholders.

59. As a fiduciary, Defendant must account to the Company, for all monies, properties, funds and/or assets he received unlawfully from the Company

60. Defendant must therefore render an account to the Company for the assets, properties and/or funds he obtained as a result of his wrongful conduct.

**WHEREFORE**, Plaintiff Sahaj Hotel, Inc. hereby demands judgment against Defendant Ashish Desai as follows:

i. Judgment awarding the Company compensatory, consequential, and special damages in an amount of no less than Four Hundred and Sixty Two Thousand Dollars ($462,000) or as proven at trial,;

ii. Ordering Defendant Ashish Desai, to account for and repay all amounts improperly diverted from The Company as a result of his misconduct in the amount of no less than Four Hundred and Thirty Five Thousand Dollars ($435,000) and directing him to account for his conduct and the disposition of the funds and property of The Company;

iii. Awarding the Company exemplary and punitive damages as may be available at law;

iv. Compelling Defendant Ashish Desai, to pay the costs of these proceedings, including without limitations reasonable attorneys' and accountants' fees; and

v. Such additional relief, legal or equitable, as the Court determines appropriate.

    Respectfully submitted,

/s/Philomena S. Ashdown
Philomena S. Ashdown (0034433)
STRAUSS TROY CO. LPA
150 East Fourth Street
Cincinnati, Ohio  45202
Telephone No.:  (513) 621-2120
Facsimile No.:  (513) 241-8259
Email:  *psashdown@strausstroy.com*

## VERIFICATION

The undersigned, being the current President/Managing Partner of Sahaj Hotel, Inc., hereby verifies that the foregoing allegations are true and accurate to the best of his knowledge.

/s/Nishith Parikh
Nishith Parikh, President/Managing Partner
Sahaj Hotel, Inc.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues triable by a jury.

/s/ Philomena S. Ashdown
Philomena S. Ashdown (0034433)
*Attorney for Plaintiff*

## EXHIBITS TO COMPLAINT

| EXHIBIT NO. | DATE | DESCRIPTION |
|---|---|---|
| A | June 25, 2011 | Correspondence from Defendant Ashish Desai's counsel to Unity Bank with Company Check and Judgment Entry by Unity Bank against Defendant |
| B | January 14, 2013 | Judgment by Ramada Worldwide against Defendant |
| C | October 15, 2012 | Letter from James Mackevich to his client Defendant Ashish Desai et al |
| D | July 9, 2014 | Company Resolution signed by Defendant Ashish Desai confirming amount and use of the Diverted Funds |

4387306_1