# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Sahaj Hotel, Inc., | |
|     Plaintiff/Counterclaim-Defendant, | |
| vs. | |
| | Case No. 2:16-cv-408 |
| Ashish Desai, | |
| | Chief Judge Edmund A. Sargus, Jr. |
|     Defendant/Counterclaimant/Third-Party Plaintiff. | Magistrate Judge Terence P. Kemp |
| vs. | |
| Nishith Parikh, *et al.*, | |
|     Third-Party Defendants | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED BY AND AMONG Plaintiff, Sahaj Hotel, Inc., Defendant, Ashish Desai, and Third-Party Defendants, Nishith Parikh, Smita Patel, and Brijen Patel (collectively "Third-Party Defendants"), as follows:

WHEREAS, information has been and may be sought, produced, or exhibited by and among the parties to the above-referenced action and their affiliates. Information has also been and may be sought and produced by subpoenaed parties, including but not limited to Samuel Lee, CPA, Kwik Mortgage Corporation, Santander Bank, N.A. and Unity Bank. Some, but not all of the information sought, may include personal financial information of Third-Party Defendants, including but not limited to personal bank statements (the "Confidential Information").

NOW, THEREFORE, this Stipulated Protective Order is necessary to protect such Confidential Information and such protection shall be according to the following terms:

1. The parties agree that Kwik Mortgage Corporation, Unity Bank, and Santander Bank will produce all documents in their possession responsive to the subpoenas regarding Sahaj Hotel, Inc., Sahaj Management, Inc., and Sahaj Realty Services, LLC issued to them on behalf of Defendant except as provided below:

   a. Unity Bank and Santander Bank will produce all documents in their possession responsive to the subpoenas regarding Sahaj Management and Sahaj Realty Services.

   b. Kwik Mortgage, Unity Bank, Santander Bank, Sahaj Hotel, Sahaj Management, and Sahaj Realty will produce any personal bank statements of Third-Party Defendants (subject to this Protective Order) and any documents pertaining to Sahaj Hotel in their possession, but not personal financial information of Third-Party Defendants, including but not limited to tax returns and personal financial statements.

   c. Kwik Mortgage will provide redacted copies of the bank statements from December, 2014 through February, 2016 for its account no. XXX0300 at Santander Bank. To the extent that funds were received into this account by anyone named Patel, Kwik Mortgage will provide backup information to confirm that none of the Patels who remitted funds into this account were Third-Party Defendants Brijen or Smita Patel.

    d. In the event that Defendants seek information concerning Third-Party Defendants from any other non-party, Defendant agrees not to seek personal financial information of Third-Party Defendants, including but not limited to tax returns and personal financial statements.

  2. Any information or document sought which is asserted by any of the parties to contain or constitute Confidential Information shall be so designated by said party in writing, and shall be segregated from other information or documents being submitted or produced. Information or documents so designated shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL." All transcripts of oral testimony, and any exhibits referenced during such testimony, as well as the oral testimony itself, may be designated as Confidential Information. Any person or entity may, within fourteen (14) days of the receipt of a transcript of oral testimony, designate the testimony or any exhibits referenced therein as "CONFIDENTIAL" by so notifying the other parties of such designation in writing. Any document or information marked as "CONFIDENTIAL" shall be used in accordance with this Protective Order exclusively and solely for purposes of this litigation and for no other purpose whatsoever.

  3. In the absence of prior written permission from the individual or entity asserting confidential treatment or an order by the Court, any Confidential Information submitted or produced in accordance with the provisions of this Protective Order that are marked "CONFIDENTIAL" shall not be disclosed to any person other than: (i) the parties and their attorneys in this action, including any necessary support personnel

assisting such attorneys, (ii) qualified persons taking testimony involving such documents or information, and necessary stenographic and clerical personnel; (iii) technical experts or other expert witnesses and their staff who are employed for purposes of this litigation, (iv) the Court and any personnel of the Court, and (v) the producing or submitting party during its or his or her deposition or testimony.

4. Confidential Information submitted in accordance with the provisions of this Protective Order shall not be made available to any person designated in paragraph 3(ii) or (iii) unless such person shall have first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such Confidential Information to anyone other than persons designated in paragraph 3, and agreed to use such Confidential Information solely for the purpose of this litigation.

5. If the Court orders, or if all parties agree, that access to, or the dissemination of, information submitted or marked as "CONFIDENTIAL" shall be made to persons not included in paragraph 3, all such persons shall be subject to the terms and conditions of this Order with respect to any such Confidential Information.

6. Any Confidential Information submitted to the Court in connection with a motion, pretrial, or other proceeding within the purview of this litigation shall be submitted as set forth in paragraph 2 under seal, pursuant to obtaining proper leave of Court under S.D. Ohio Civ. R. 5.2.1, and shall be maintained by the Clerk of the Court under seal until otherwise ordered by the Court or agreed upon by the parties in writing.  Only the Court and counsel of record for the respective parties, as well as the parties, shall have access to such Confidential Information.

7. The parties and their attorneys agree that any Confidential Information submitted as "CONFIDENTIAL" pursuant to this Protective Order is to be treated as such until all parties agree otherwise in writing or until the Court otherwise orders. If a party objects to the designation by another party of documents or information as "CONFIDENTIAL," the objecting party shall have fourteen (14) days from receipt of such designation to file an appropriate request for the Court to rule that the disputed information or documents should not be subject to the protection of this Order.

8. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to, any Confidential Information designated by said individual or entity in accordance with this Protective Order.

9. All persons having knowledge of, access to, or possession of any Confidential Information as a result of this litigation shall refrain from disclosing any portion of such Confidential Information to any other person or entity except as otherwise permitted by this Order, by this Court, or by the parties in writing.

10. If Confidential Information submitted or produced in accordance with this Protective Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

11. The parties agree that any inadvertent disclosure of any privileged material shall not result in the waiver of any associated privilege nor result in a subject-matter waiver of any kind. The parties further agree, however, that the disclosure of any particular material shall cease to be "inadvertent" if, fourteen (14) days after the receiving party notifies the producing party that it has received the material, the producing party does not request that the material be returned. If, within fourteen (14) days after the receiving party notifies the producing party that it has received the material, the producing party does request that the material be returned, then the receiving party shall (a) immediately return the material, or (b) within fourteen (14) days after notification from the producing party, file an appropriate motion with the Court under seal for determination of whether the material is privileged. While such motion is pending, that material shall be deemed "CONFIDENTIAL," and shall be treated by the parties accordingly. In either situation, the receiving party shall make no copies of the material.

12. The Court shall have power to modify this Order at the request of any party and upon a showing of good cause. The Court shall also have the power to enforce this Order in conformity with the Federal Rules of Civil Procedure and other applicable law.

13. Within sixty (60) days after termination of this litigation, the parties shall assemble and return to the party asserting confidential treatment all items containing Confidential Information submitted or produced in accordance with the provisions of this Protective Order. At the option of the party asserting confidential treatment, the

parties may elect to destroy all items containing Confidential Information.  If either party elects to have its Confidential Information destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed.  All copies of documents containing notes or other attorney work product shall be destroyed.  In addition, all summaries, extracts, or compilations taken from such shall be destroyed.

14. This Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this Order.

15. Neither this Order nor the designation of any item as Confidential Information shall be deemed to preclude any party from seeking, on an appropriate showing, lesser or greater protection with respect to the confidentiality of any document, written discovery response, or testimony.

16. Neither this Order nor the designation of any item as "CONFIDENTIAL" shall be construed as an admission that such material or testimony would be admissible in evidence in this litigation.

17. Nothing in this Order shall preclude any party from using its own Confidential Information in any manner it chooses.

18. It is the spirit and intent of this document to maintain confidentiality of Confidential Information.  Its intent is not to inhibit the parties from pursuing and presenting their case on the merits in this litigation and in the event of a dispute about its interpretation, the interpretation shall be made with this spirit and intent considered.

The Court shall have jurisdiction to adjudicate any disputes regarding interpretation of this Order.

19. Any costs or fees associated with any subpoenae issued by any of the parties or any responses by any of the persons/entities subpoenaed shall be the sole responsibility of the party issuing such subpoenae.

IT IS SO ORDERED:

/s/ Terence P. Kemp
TERRENCE P. KEMP
UNITED STATES MAGISTRATE JUDGE

AGREED:

/s/ Philomena S. Ashdown (per email authority)
Philomena S. Ashdown (0034433)
Email: psashdown@strausstroy.com
STRAUSS TROY CO., LPA
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202-4018
Tel:: 513.629.9456
Fax: 513.241.8259

*Counsel for Plaintiff Sahaj Hotel, Inc.*

/s/Thomas R. Schuck (per email authority)
Thomas R. Schuck (0005336)
Email: schuck@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut St., Suite 1800
Cincinnati, OH 45202
Tel: 513.381.2838
Fax: 513.381.0205

*Counsel for Third-Party Defendants
Nishith Parikh, Smita Patel, and Brijen Patel*

/s/ Samir B. Dahman
Samir B. Dahman (0082647)
   *Trial Attorney*
Heather R. Zilka (0070538)
Email: sbd@kjk.com; hrz@kjk.com
Kohrman Jackson & Krantz, LLP
10 West Broad Street, Suite 1900
Columbus, OH 43215
Tel: 614.427.5750
Fax: 216.621.6536

*Counsel for Defendant/Counterclaimant/
Third-Party Plaintiff Ashish Desai*

{K0580163.1} 8