UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAHAJ HOTEL, INC.,

    Plaintiff/Counterclaim-Defendant,

v.                                        Civil Action 2:16-cv-408
                                          Chief Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Chelsey M. Vascura

ASHISH DESAI,

    Defendant/Counterclaimant/
    Third-Party Plaintiff.

## REPORT AND RECOMMENDATION

Per the parties' Settlement Agreement, the Court appointed the undersigned as a Special Master to perform forensic analysis to (1) determine the number of shares and percentage of issued and outstanding shares owned by each shareholder; and (2) review the company's books, records, and shareholder activities to determine whether the 1099-MISC issued to Ashish Desai in 2016 was prepared and issued in accordance with IRS rules and regulations; and (3) to issue a report and recommendation setting forth my findings and recommendations. (*See* Settlement Agreement and ECF No. 85.) For the reasons more fully discussed below, I make the following findings and recommendations:

1. The percentage of ownership of Sahaj Hotel, Inc. held by the shareholders is Nishith R. Parikh owning 50.00%, Smita B. Patel owning 25.00%, and Ashish S. Desai owning 25.00%. I cannot opine as to the actual number of shares held by each party due to conflicting corporate records. Ashish Desai should be given the opportunity to purchase

additional shares from Nishith Parikh in order to effectively increase his ownership from 25.00% to 33.33% at a purchase price of $15,500.00 per 1% interest purchased.

2. The 2014 tax year Form 1099-MISC issued to Ashish Desai in 2016 was not prepared and issued in accordance with IRS rules and regulations. I believe Mr. Desai has been financially damaged in the amount of income taxes he paid due to the inclusion of the incorrectly reported income in his personal tax returns.

**A.** **Methodology**

My findings are based on my meetings and discussions with counsel for all parties involved in this matter and have reviewed their position statements and supporting documents. I also met with Mr. Sam Lee in his capacity as the accountant and tax preparer for Sahaj Hotel, Inc. I reviewed the following documents:

- IRS tax returns, Form 1120S of Sahaj Hotel, Inc. for the years 2006 through 2016, which include Schedule K-1's for each shareholder which reported their respective ownership percentage each year.
- 2014 IRS Form 1099-MISC.
- Unity Bank vs. RBank, LLC
    - Complaint on Promissory Note to Foreclose Mortgage on Real Estate to Recover Interest and Personal Property on Guaranty, and for Appointment of Receiver:
- Ramada Worldwide Inc., vs. RBank, LLC Rajendra Patel, Ashish Desai, Kumar Dave.
    - Superior Court of New Jersey – Civil Action Order of Summary Judgment against RBank, LLC, Rajendra Patel, Ashish Desai, Kumar Dave.
- Various emails and correspondence of counsel for both Plaintiff's and Defendant's in regards to the above referenced litigation.

- Schedules of RBank LLC related expenditures paid from Sahaj Hotel, Inc.'s funds as compiled by Samuel Lee, CPA (Sahaj Hotel's corporate tax preparer).
- Sahaj Hotel, Inc. vs Ashish Desai vs. Nishith Parikh, et al
  - Defendant/Counterclaimant/Third-Party Plaintiff Ashish Desai's Amended Answer and Counterclaim against Counterclaim-Defendant Sahaj Hotel.
    - Item 13 of Answer and related Exhibit 1, Resolution Authorizing Payment of RBank debt.
    - Item 17 of Answer and related Exhibit D alleged Corporate Resolution related to Sahaj Hotel payment of RBank expenses and allocation of benefits to Rajendra Paten and Ashish Desai. The authenticity of this Corporate Resolution is disputed by Ashish Desai in his Answer.
- Forensic accounting report dated May 10, 2018, authored by Rebekah A. Smith, CPA, CFF, CVA, MAFF, Director of Forensic and Dispute Advisory Services for GBQ Consulting.
- Numerous emails between parties to the subject dispute.
- Sahaj Hotel Share Certificates of Nishith Parikh, Smita Patel, and Rajendra Patel.
- Assignment of Rajendra Patel's 25% ownership in the common stock of Sahaj Hotels, Inc to Nishith Parikh and bank check payable to Rajendra Patel in the amount of $387,500.00 evidencing Mr. Parikh's payment for Mr. Patel's shares.
- Partnership Agreement for Sahaj Hotel, Inc., Revised and Amended on January 15, 2006.
- Sahaj Hotel, Inc. By-Laws and certain corporate resolutions.
- Emails to Sahaj Hotel, Inc. lenders regarding Sahaj Hotel, Inc. shareholders ownership.
- Unity Bank loan Guaranty documents signed by Sahaj Hotel, Inc. shareholders.

- Term Sheet of Mutual Release & Settlement Agreement for Rajendra Patel's surrender of Sahaj Hotel, Inc. shares dated May 22, 2015.
- Term Sheet of Mutual Release & Settlement Agreement for Ashish Desai to stop any demand on the buy-out of his Sahaj Hotel, Inc. shares dated May 22, 2015.
  - Item 6 of Term Sheet stating Desai's ownership in Sahaj Hotel, Inc. to be 33 1/3% upon the concurrent consummation of the Rajendra Patel Agreement.
- Ashish Desai Settlement Agreement and Mutual Release not signed by Mr. Desai.
- Ohio Department of Commerce – Division of Liquor Control, Summary of Stock Purchase Agreement reflecting Nishith Parikh's purchase of an unspecified number of shares from Rajendra Paten of Sahaj Hotel, Inc., dba Days Inn West for a consideration of $387,500.00 pursuant to a Settlement Agreement finalized by Court in Belmont County on January 20, 2016.
- Agreed Entry Authorizing Release of Original Assignment of Shares Filed March 24, 2016 filed in Belmont County Ohio Court of Common Please between Rajendra Patel, Plaintiff vs. Sahaj Hotel, Inc., et al, Defendants.

The methodology I applied to determine the respective shares of ownership of the Sahaj Hotel, Inc. shareholders was to reconcile the ownership stated in the January 15, 2006 partnership agreement with the tax return reporting of ownership for the years 2006 through 2016. I also based my findings on what appeared to be the intent of the shareholders through various proposed settlement agreements and corporate resolutions.

The methodology I applied to determine the appropriateness of the Form 1099-MISC was to review the United States Internal Revenue Service ("IRS") 2014 Instructions for Form 1099-

MISC. I also reviewed the specific dates and identified payees of the alleged payments to Mr. Desai as implied by the issuance of this IRS tax reporting form.

**B.    Findings and Recommendations**

   **1. Number of Shares & Percentage of Issued and Outstanding Shares owned by each Shareholder**

The percentage of ownership of Sahaj Hotel, Inc. held by the shareholders is Nishith R. Parikh owning 50.00%, Smita B. Patel owning 25.00%, and Ashish S. Desai owning 25.00%. I cannot opine as to the actual number of shares held by each party due to conflicting corporate records. Ashish Desai should be given the opportunity to purchase additional shares from Nishith Parikh in order to effectively increase his ownership from 25.00% to 33.33% at a purchase price of $15,500.00 per 1% interest purchased.

Schedule 1, attachment to this report, reflects Ashish Desai's reported ownership of Sahaj Hotel, Inc. as reported on the company's tax returns for the years 2006 through 2016. I point out that Mr. Desai's 2006 ownership as a 20% partner is consistent with the company's partnership agreement in which all five original partners held equal ownership in the company.

The company's corporate tax returns, forms 1120S, signature box contains the following statement: *Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete*". The presumption that tax returns were purportedly accurate forms the primary basis of my findings. Each company shareholder received their respective tax Schedule K-1 for the tax years 2006 through 2013 and I found no correspondence from any shareholder disputing their reported ownership.

5

I further point out that Mr. Desai has reported an equal share of the company's taxable profits, as an equal owner for the years 2006 through 2013, with the exception of the year 2008 in which one shareholder's ownership interest was redeemed.

The company's corporate tax return, as originally filed, for the year 2014 reflected equal 33 1/3% ownership interests for the three shareholders. This original tax reporting appears to be based on a proposed corporate redemption of Rajendra Patel's ownership interest to be effective as of January 1, 2014. The result of that proposed redemption would have been to retire Mr. Patel's shares, leaving the remaining shareholders holding equal ownership interests. This corporate redemption of Mr. Patel's shares did not occur.

Nishith Parikh personally purchased Mr. Patel's 25% ownership interest for $387,500.00, in February 2016 reflecting a price of $15,500.00 for each 1% ownership interest. Mr. Parikh's 2016 share purchase transaction became effective as of January 1, 2014. I found unsigned settlement agreements which offered Mr. Desai the opportunity to purchase Sahaj Hotel, Inc. shares at a price of $15,500.00 per share. However, no additional share purchases were transacted by Mr. Desai.

My conclusion is that Mr. Desai currently holds a 25% ownership interest in the common stock of Sahaj Hotel, Inc. Further, I believe that Mr. Desai should be given the opportunity to place himself back in the position of an equal 33 1/3% shareholder of the company by purchasing an 8.33% interest directly from Nishith Parikh at a price of $15,500.00 per ownership interest for a total cost of $129,166.67.

2. **Whether the 1099-MISC was Prepared and Issued in Accordance with IRS Rules and Regulations**

The 2014 tax year Form 1099-MISC issued to Ashish Desai in 2016 was not prepared and issued in accordance with IRS rules and regulations. I believe Mr. Desai has been financially damaged in the amount of income taxes he paid due to the inclusion of the incorrectly reported income in his personal tax returns.

The 2014 tax year Form 1099- MISC reported "non-employee" compensation to Mr. Desai, however, I found no evidence that payments were made directly to Mr. Desai during the year 2014. Schedule 2 attached to this report reflects a list of payments compiled by the company's tax accountant, Samuel Lee, under the direction of Nishith Parikh. I point out that none of these payments were made during the tax year 2014, further none of the payments were made directly to Mr. Desai.

According to the IRS instructions, companies are to issue Form 1099-MISC to "each person to whom you have paid during the tax year" one of the following:

- At least $600 in rents, services (including parts and materials), prizes and awards, other income payments, medical and health care payments, crop insurance proceeds, cash payments for fish (or other aquatic life) you purchased from anyone engaged in the trade or business of catching fish, or, generally the cash paid from a notional principal contract to an individual, partnership, or estate.

The payments I reviewed do not fit the IRS definition of payments for which a Form 1099- MISC issuance. Therefore, I recommend that the company issue a corrected 2014 Form 1099-MISC reporting $0 to Mr. Desai.

Although a Form 1099-MISC is not the proper reporting mechanism, I did find that certain payments from Sahaj Hotel, Inc. funds were paid out for the benefit of Mr. Desai and for Rajendra Patel. The following opinion, and recommendation, is based on my review of various

alleged corporate resolutions and proposed settlement agreements between Messer's Desai and Patel and Sahaj Hotel, Inc.

Ashish Desai, Rajendra Patel and Nishith Parikh were shareholders in RBank LLC, however Mr. Parikh was not a guarantor on the business debt of that LLC. RBank LLC defaulted on its Unity Bank loan resulting in the bank pursuing Messer's Desai and Patel to collect on their personal guarantees. Sahaj Hotel, Inc. made the payments listed on the attached Schedule 2 which personally benefited Desai and Patel and those benefits should be reported on the company's tax returns.

My review of the company's tax return, and my discussions with the tax preparer Samuel Lee, CPA confirmed that the payments listed on the attached Schedule 2 were claimed as 2014 business deductions and it is my opinion that this tax reporting is incorrect. The listed expenses were not deductible business expenses of Sahaj Hotel, Inc. and the company's corporate tax returns should be amended to remove expenditures listed on Schedule 2. I also recommend that the company's corporate tax returns be amended for the years 2009 through 2013. Those amended tax returns should report the expenditures listed on Schedule 2 as shareholder distributions allocable to Rajendra Patel and Ashish Desai for each year as indicated on that schedule.

C.   **Objections to this Report & Recommendation**

As set forth in the Settlement Agreement, the parties have 14 days from the date of the filing of this Report and Recommendation in which to file any objections. No responses or supplements to the parties' objections will be permitted without leave of court. Thereafter, Chief Judge Sargus will resolve any objections, and per the parties' Settlement Agreement, his ruling is not appealable.

Respectfully Submitted, December 3, 2018

Brian Russell, MBA, CPA/ABV, CVA
Valuation Analysts, LLC
2545 Farmers Drive, Suite 180
Columbus, Ohio 43235
614-336-1950

Sahaj Hotel, Inc.  Schedule 1
Ownership Reporting
Per Tax Schedule K-1

| | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 Original | 2014 Amended | 2015 | 2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nishith R. Parikh | 20.00% | 20.00% | 21.37% | 25.00% | 25.00% | 25.00% | 25.00% | 25.00% | 33.33% | 50.00% | 50.00% | 53.33% |
| Brijen/Smita Patel | 20.00% | 20.00% | 21.37% | 25.00% | 25.00% | 25.00% | 25.00% | 25.00% | 33.33% | 25.00% | 25.00% | 26.67% |
| Ashish S. Desai | 20.00% | 20.00% | 21.37% | 25.00% | 25.00% | 25.00% | 25.00% | 25.00% | 33.33% | 25.00% | 25.00% | 20.00% |
| Rajendra R. Patel | 20.00% | 20.00% | 21.37% | 25.00% | 25.00% | 25.00% | 25.00% | 25.00% | n/a | n/a | n/a | n/a |
| Niranjan J. Amin | 20.00% | 20.00% | 14.52% | n/a | n/a | n/a | n/a | n/a | n/a | n/a | n/a | n/a |
| Rounding on tax return | | | | | | | | | 0.01% | | | |
| Totals | 100.00% | 100.00% | 100.00% | 100.00% | 100.00% | 100.00% | 100.00% | 100.00% | 100.00% | 100.00% | 100.00% | 100.00% |

Sahaj - Rbank Related Expenditures  
For the Benefit of Raj Patel and Ashish Desai

Schedule 2

| Year | Category | Amount | Benefit for Raj Patel | Benefit for Ashish Desai |
|---|---|---|---|---|
| 2009 | Unity Loan Settlements | $ 30,000.00 | $ 15,000.00 | $ 15,000.00 |
| 2009 | Housekeeping | $ 3,222.11 | $ 3,222.11 | $ - |
| 2009 | *Subtotal for year* | $ 33,222.11 | $ 18,222.11 | $ 15,000.00 |
| | | | | |
| 2010 | Rbank Taxes | $ 1,449.46 | $ 724.73 | $ 724.73 |
| 2010 | Accounting/Tax fees / Pattar & Co. | $ 1,200.00 | $ 600.00 | $ 600.00 |
| 2010 | Legal fees / James Mackevich | $ 8,490.00 | $ 4,245.00 | $ 4,245.00 |
| 2010 | Legal fees / Hostetler & Kowalik | $ 6,073.69 | $ 3,036.85 | $ 3,036.84 |
| 2010 | Legal fees / Stark & Stark | $ 2,000.00 | $ 1,000.00 | $ 1,000.00 |
| 2010 | *Subtotal for year* | $ 19,213.15 | $ 9,606.58 | $ 9,606.57 |
| | | | | |
| 2011 | Legal fees / James Mackevich | $ 17,099.69 | $ 8,549.85 | $ 8,549.84 |
| 2011 | Legal fees / Hostetler & Kowalik | $ 15,629.66 | $ 7,814.83 | $ 7,814.83 |
| 2011 | Refinance fee / Money Finance | $ 500.00 | $ 250.00 | $ 250.00 |
| 2011 | Refinance fee / Quaker State | $ 7,500.00 | $ 3,750.00 | $ 3,750.00 |
| 2011 | Accounting/Tax fees / Pattar & Co. | $ 500.00 | $ 250.00 | $ 250.00 |
| 2011 | Air Ticket / Pankaj Patel | $ 870.00 | $ 870.00 | $ - |
| 2011 | Unity Bank loan payments | $ 35,000.00 | $ 17,500.00 | $ 17,500.00 |
| 2011 | *Subtotal for year* | $ 77,099.35 | $ 38,984.68 | $ 38,114.67 |
| | | | | |
| 2012 | Legal fees / James Mackevich | $ 9,962.50 | $ 4,981.25 | $ 4,981.25 |
| 2012 | Legal fees / Hostetler & Kowalik | $ 1,683.00 | $ 841.50 | $ 841.50 |
| 2012 | Unity Bank loan payments | $ 60,000.00 | $ 30,000.00 | $ 30,000.00 |
| 2012 | *Subtotal for year* | $ 71,645.50 | $ 35,822.75 | $ 35,822.75 |
| | | | | |
| 2013 | Legal fees / James Mackevich | $ 5,125.00 | $ 2,562.50 | $ 2,562.50 |
| 2013 | Unity Bank loan payments | $ 134,058.00 | $ 67,029.00 | $ 67,029.00 |
| 2013 | Ramada loan payments settlement | $ 90,000.00 | $ 45,000.00 | $ 45,000.00 |
| 2013 | *Subtotal for year* | $ 229,183.00 | $ 114,591.50 | $ 114,591.50 |
| | | | | |
| *2009-2013* | **Totals** | $ 430,363.11 | $ 217,227.62 | $ 213,135.49 |