UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAHAJ HOTEL, INC.,

    Plaintiff/Counterclaim-Defendant,

v.                                          Civil Action 2:16-cv-408
                                              Chief Judge Edmund A. Sargus, Jr.
                                              Magistrate Judge Chelsey M. Vascura

ASHISH DESAI,

    Defendant/Counterclaimant/
    Third-Party Plaintiff.

## ORDER

This matter came before the Court for consideration of the Report and Recommendation of Brian Russell (ECF No. 86), MBA, CPA/ABV, CVA, who was appointed a Special Master per the Settlement Agreement reached between the parties, as well as the Objection of Sahaj Hotel, Inc. ("Sahaj"), Nish Parikh, and Smita Patel ("Sahaj Defendants") (ECF No. 93) and the Objection of Ashish Desai ("Desai") (ECF No. 93).

As per the parties' Settlement Agreement, Mr. Russell made recommendations with regards to the current ownership of Sahaj and whether the 2014 tax year 1099-MISC issued to Desai in 2016 should stand, be modified, or withdrawn.

A.    **Current Ownership**

With respect to current ownership, Mr. Russell found that Desai currently owns 25% of the shares in Sahaj. Mr. Russell explained that Desai had the opportunity to purchase additional shares to bring his ownership up to 33%, but he did not execute an agreement permitting him to

do so, and "no additional share purchases were transacted by Mr. Desai." (R&R 6, ECF No. 86.) Although Mr. Russell recommends that Desai be given the opportunity to purchase additional shares at the price contemplated in the agreement Desai did not execute (which is lower than the price at which Desai will sell his shares under the Settlement Agreement), the parties did not agree to this in their Settlement Agreement. Thus, the Court finds that Desai owns 25% of Sahaj and declines to permit Desai the benefit of an earlier agreement that he did not execute.

**B.  Issuance of the Form 1099-MISC**

With respect to the 2014 tax year 1099-MISC issued to Desai in 2016, Mr. Russell found that it was improperly issued, resulting in financial damage Desai in the amount of income taxes he paid. Mr. Russell explained that, although the issuance of the 1099-MISC was not the proper reporting mechanism, Sahaj did, in fact, pay out funds exclusively for the benefit of Desai. Specifically, the attachment to Mr. Russell's Report and Recommendation reflects that Desai received $213,135.49 over the period of 2009-2013, which Sahaj should have reported as shareholder distributions to Desai for the years in which the funds were paid. Mr. Russell therefore recommends that Sahaj issue a corrected 2014 1099-MISC reporting $0 to Desai and suggests that Sahaj could amend its tax returns to report the 2009-2013 expenditures as shareholder distributions.

Both parties object to Mr. Russell's suggestion that Sahaj amend its tax returns to report the 2009-2013 expenditures. As Desai points out, Mr. Russell's proposed amendments to the 2009-2013 tax returns would mean allocation of income to Desai (and nonparty Rajendra Patel), which would, in turn, mean that Desai would owe income taxes on that income. The Court is unable to discern whether the amount of income taxes owed would be less than the amount Desai paid as a result of the improperly-issued 1099-MISC. In their Objection, the Sahaj Defendants

2

assert that amending the returns as Mr. Russell suggests could result in an IRS audit as to the validity of Sahaj's S-Corp status. The Sahaj Defendants propose several alternatives that they maintain will prevent Desai from receiving the benefit of the distribution without placing Sahaj at risk for an audit by the IRS. All of the Sahaj Defendants' proposals involve a reduced payment to Desai for his shares.

The Court agrees with Mr. Russell that the at-issue 2014 tax year 1099-MISC issued to Desai in 2016 was improperly issued. Thus, per the parties' settlement agreement, Sahaj must issue a corrected 2014 1099-MISC reporting $0 to Desai. The Court recognizes that should Sahaj decline to amend its 2009-2013 returns as Mr. Russell suggested, Desai would receive a windfall in the amount of taxes he would have owed on the $213,135.49 of distributions. Because nothing in the parties' agreement requires or precludes Sahaj from amending its tax returns to correctly report the 2009-2013 expenditures as shareholder distributions as Mr. Russell suggested, the Court likewise declines require or preclude Sahaj from making any such amendment.

## C. Conclusion

Per the parties' Settlement Agreement, within four months of this order, any of the Sahaj Defendants must purchase Desai's shares for a purchase price of $549,250 [($3.5 million, less $1.6 million, plus $297,000) x 25%]. Payment is due **within four months of the date of this Order**. In addition, Sahaj must issue a corrected 2014 1099-MISC reporting $0 to Desai. The Court declines to require or preclude Sahaj from further amending its tax returns to correctly report the 2009-2013 expenditures as shareholder distributions.

Per the parties Settlement Agreement, this Order is final and not appealable. The Court retains jurisdiction to resolve disputes arising from enforcement of the parties' Settlement Agreement. The Clerk is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

2-21-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**